[Docket Nos. 10 and 15]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| LIBERTY BELL BANK, a New Jersey State Chartered Banking Corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>ERIK JASON DEITSCH, RUSSELL THOMAS DIBELLA, HEMANT JAYANTILAL DESAI, RUSSELL H. BATES, RAYMOND JOHN NORTON, HANSFORD HERNDON ROWE, ROBERT MOTTER IRREVOCABLE FAMILY TRUST, MICHAEL W. KWASNIK, CAROL J. KWASNIK, IRREVOCABLE TRUST OF STEVEN C. KWASNIK, STEVEN C. KWASNIK, OPIS MANAGEMENT FUND, LLC, KWASNIK, RODIO, KANOWITZ & BUCKLEY, A NJ Professional Corporation, and LIBERTY STATE FINANCIAL HOLDINGS CORP.,<br><br>        Defendants. | Civil No. 08-0993 (RMB)<br><br>**OPINION** |

APPEARANCES:

Ronald L. Glick
Julie E. Ravis
Stevens & Lee, PC
600 College Road East, Suite 4400
Princeton, NJ 08540
     Attorneys for Plaintiff

```
Mark S. Melodia, Esquire
THOMAS J. BURNS, III
Reed Smith, LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
     Attorneys for Defendants
```

**BUMB**, United States District Judge:

**I.   INTRODUCTION**

This matter comes before the Court upon the Defendants' (the "Defendants") motion to dismiss Plaintiff's Complaint for failure to state a claim.  Plaintiff is Liberty Bell Bank ("Liberty Bell"), a banking corporation chartered and organized pursuant to the laws of the State of New Jersey.  Defendants are individuals and entities each associated with one of two groups that own shares of Liberty Bell, referred to in the parties' papers as "the Kwasnik Group" and "the Deitsch Group."

Plaintiff filed the present action alleging that Defendants acquired controlling shares of Liberty Bell without providing proper notice in accordance with the Change in Bank Control Act of 1978 ("CBCA"), 12 U.S.C. § 1817, and without obtaining the consent of New Jersey Department of Banking and Insurance ("NJDOBI"), as required by the New Jersey statute governing changes in bank control ("NJCBCA").  Defendants now move to dismiss the Complaint for failure to state a legally cognizable claim.

**II. FACTS**

The facts of the lawsuit underlying this matter are complicated, but the details do not affect the issues presented in this particular motion. Accordingly, the Court will briefly summarize the facts that are relevant to this motion and necessary to understand the procedural context of this matter.[1]

Liberty Bell is a New Jersey state-charted bank. (Comp. ¶ 1.) All of the members of the Deitsch Group and the Kwasnik Group are, respectively, shareholders of Liberty Bell. (Comp. ¶¶ 2-16.) Plaintiff alleges that shareholders acquiring greater than a 5 percent share of outstanding stock under New Jersey's NJCBCA, and a 10 percent share of outstanding stock under the federal CBCA, must report their controlling share. (Comp. ¶¶ 36, 38.) Plaintiff alleges that the Deitsch Group and Kwasnik Group each acquired a controlling share of Libery Bell without following the reporting and consent procedures required by the CBCA and the NJCBCA.

On August 8, 2006, the Kwasnik Group filed an Interagency Notice of Change in Control with the Federal Deposit Insurance Corporation ("FDIC"). (Comp. ¶ 24.) As of the date of the application, the Kwasnik Group had accumulated 28.57 percent of the outstanding stock of Liberty Bell. (Comp. ¶ 24.) One month

---

[1] These facts, derived from the Complaint and Plaintiff's Opposition Brief, are set forth in a light most favorable to Plaintiff.

later, the Kwasnik Group filed an Application for Acquisition of Control with the New Jersey Department of Banking ("Department of Banking"). (Comp. ¶ 23.) Although the Department of Banking initially approved the application, it later withdrew its approval. (Comp. ¶ 25.) The Kwasnik Group subsequently withdrew its application with the FDIC. (Comp. ¶¶ 26, 27.) The Kwasnik Group does not currently have an application pending before the Department of Banking. (Comp. ¶ 25.) Plaintiff alleges that because this application has not been officially filed at the FDIC, it is not considered to be filed within the meaning of the CBCA. (Comp. ¶ 28.) The Kwasnik Group continues to hold at least 28.57 percent of the outstanding shares of Liberty Bell. (Comp. ¶ 28.)

In December 2007, the Deitsch Group filed an Interagency Notice of Change in Control with the FDIC as an Application for Acquisition of Control with the Department of Banking. (Comp. ¶¶ 31, 33.) When it filed these applications, the Deitsch Group held beneficial ownership of more than 10 percent of the outstanding shares of Liberty Bell. (Comp. ¶¶ 32, 33.) The Deitsch Group then withdrew both its applications, although it continues to hold over 10 percent of the outstanding shares of Liberty Bell. (Comp. ¶¶ 34, 35.)

**III. STANDARD OF REVIEW**

A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted must be denied if the plaintiff's factual allegations are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true, (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)(internal citations omitted).  Moreover, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted).

A district court must accept any and all reasonable inferences derived from those facts. Unger v. Nat'l Residents Matching Program, 928 F.2d 1392 (3d Cir. 1991); Glenside West Corp. v. Exxon Co., U.S.A., 761 F. Supp. 1100, 1107 (D.N.J. 1991); Gutman v. Howard Sav. Bank, 748 F. Supp. 254, 260 (D.N.J. 1990).  Further, the court must view all allegations in the Complaint in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Therefore, in deciding a motion to dismiss, a court should

look to the face of the complaint and decide whether, taking all the allegations of fact as true and construing them in a light most favorable to the nonmovant, plaintiff has alleged "enough facts to state a claim for relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.  Only the allegations in the complaint, matters of public record, orders, and exhibits attached to the complaint matter, are taken into consideration. Chester County Intermediate Unit v. Pennsylvania Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990).

**IV.   DISCUSSION**

   **A.   Cause of Action for CBCA Violations**

Plaintiff alleges that both groups of Defendants, the Deitsch Group and the Kwasnik Group, violated the CBCA by failing to report their "controlling share" as required by the statute. Plaintiff alleges that the CBCA requires shareholders that acquire greater than a 10 percent share of outstanding stock to report their controlling share.  (Comp. ¶ 36.)  Plaintiff's federal claim therefore relies on its assertion that the CBCA, which does not expressly confer a cause of action, implies a cause of action.  The Defendants argue that the CBCA does not contemplate enforcement by private lawsuits.  The Defendants' argument is supported by more, and by more persuasive, authority.

When federal statutes do not contain private rights of

action, courts may recognize rights of action when necessary to effectuate Congress's intent.  See, e.g., J.I Case Co. v. Borak, 377 U.S. 426, 433 (1964).  To determine whether a private right of action is implicit in a statute not expressly providing one, courts apply the four-factor test announced in Cort v. Ash:

> First, is the plaintiff one of the class for whose especial benefit the statute was enacted . . . ?  Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one?  Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff?  And finally, is the cause of action one traditionally relegated to state law, . . . so that it would be inappropriate to infer a cause of action based solely on federal law?

422 U.S. 66, 78 (1975) (internal citations omitted).  Of these four factors, the most important is whether the legislative intent supports recognition of a private right of action.  Touche Ross & Co. v. Redington, 442 U.S. 560, 568 (1979).  This factor alone, without regard to the others, has been dispositive in recent cases.  See, e.g., Alexander v. Sandoval, 532 U.S. 275 (2001); American Telephone & Telegraph Co. v. M/V Cape Fear & M/V Little Gull, 967 F.2d 864, 872-73 (3d Cir. 1992).

The parties have identified six precedent cases that rule on whether the CBCA includes an implied private right of action, four of which hold it does not.  Harmsen v. Smith, 542 F.2d 496 (9th Cir. 1976); National Bank of Ga. v. First National Bank Holding Corp., 723 F. Supp. 1501 (N.D. Ga. 1989); Gianakas v. Siensa, 649 F. Supp. 126 (S.D. Oh. 1981); Tx. First National Bank

v. Wu, 347 F. Supp. 2d 289, 401 (S.D. Tx. 2004).  Only one case, First Ala. Bancshares v. Lowder, slip op., 1981 WL 1638 (N.D. Ala. May 1, 1981), applied the Cort v. Ash test and concluded that the CBCA confers a right of action.  (The sixth case, Mid-Continent Bancshares v. O'Brien, slip op., 1981 WL 1404 (E.D. Mo. Dec. 11, 1981), merely relied upon the analysis in Lowder.)

The cases declining to recognize a right of action are not only greater in number; they are also better reasoned.  The most important of the four Cort v. Ash factors -- whether the legislative intent supports recognition of a right of action -- is dispositive.  First, "there is no indication [from the legislative history] that Congress intended to create a [private] remedy . . . ." Harmsen, 542 F.2d at 503.  The Court today need not rely only upon "congressional silence" to determine the legislative intent, however.  American Telephone, 967 F.2d at 873.  The CBCA, promulgated as part of the Financial Institutions Act, responded to a need for stronger supervision by Federal agencies, which were empowered with their own tools of enforcement.  "The focus of the legislation is thus upon strengthening the role of the administrative agencies, not diluting it by granting the courts concurrent jurisdiction." Hartley, 533 F. Supp. at 129.  Furthermore, Congress enacted the CBCA in the aftermath of the Supreme Court's decision in Whitney National Bank v. Bank of New Orleans & Trust Co., 379 U.S. 411, 418 (1965), that the Bank Holding Company Act ("the Holding Act")

8

did not include a private right of action. The congressional authors of the CBCA "were undoubtedly aware of" the impact of the Whitney decision. Hartley, 533 F. Supp. at 128. "Had they desired the district courts to assume original jurisdiction in [CBCA] disputes, they could have easily circumscribed the efforts of the Supreme Court's prior pronouncements. Instead, they chose to frame the statute in much the same terms as the Holding Act." Id. Based on these reasons, the Court today joins the chorus of other courts holding that the congressional authors of the CBCA did not intend to create a private right of action.

This factor alone is sufficient to establish that the CBCA does not confer a private right of action. Touche Ross, 442 U.S. at 568. Nonetheless, the other three Cort v. Ash factors similarly support the Court's holding. First, the statute was enacted for the protection of shareholders and the public, not banks like Liberty Bell. Hartley, 533 F. Supp. at 129. Second, implying a private right of action is inconsistent with the legislative scheme, since the CBCA vests federal agencies, not the courts, with enforcement power. Finally, although regulation of the banking industry is not traditionally reserved to the states, federal authority over banks alone is not enough to infer a private right of action.

Plaintiff asks this Court to overlook the more numerous and better reasoned cases, because Lowder, the lone authority in support of its position, had a more closely analogous set of

underlying facts to the facts of this case.  This argument misunderstands the Cort v. Ash inquiry.  The determination of whether a federal statute confers a private right of action does not turn on the specific nature of the alleged statutory violation or the motives of the party bringing the action; it turns on the purely legal question framed by the four Cort v. Ash factors.

Based on those factors, the Court holds that the CBCA does not confer a private right of action.

**B.   Subject-Matter Jurisdiction over the NJCBCA Claim**

Once this Court dismisses Plaintiff's federal claims in this case, only the state-law claims alleging the violation of the NJCBCA remain.  Once the claims over which a district court has original jurisdiction have been dismissed, a court may decline to exercise jurisdiction over supplemental state claims unless extraordinary circumstances exist.  28 U.S.C. 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - (3) the district court has dismissed all claims over which it has original jurisdiction"); see Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (upholding district court's decision to refuse to exercise supplemental jurisdiction over remaining state law claims).

Because the federal causes of action are being dismissed and there are no circumstances compelling this Court to retain

jurisdiction, the state law claims will be dismissed without prejudice, and, pursuant to 28 U.S.C. 1367(d), the statute of limitations for Plaintiff to bring such claims in state court will be tolled for thirty days after the date of dismissal. Hedges, 204 F.3d at 123-24 (discussing tolling); L-3 Communs. Corp. v. Clevenger, slip op., 2004 U.S. Dist. LEXIS 17845 at *20 (E.D. Pa. Aug. 31, 2004) (stating that Plaintiff had 30 days to re-file in state court where court declined to exercise supplemental jurisdiction).

**V.     CONCLUSION**

For the aforementioned reasons, Defendants' motion to dismiss the Complaint is granted.  An appropriate Order will issue this date.

Dated: September 9, 2008        s/Renée Marie Bumb
                                RENÉE MARIE BUMB
                                UNITED STATES DISTRICT JUDGE